JENNIFER R. BERGH, ESQ.
Nevada Bar No.: 14480
THE LAW OFFICES OF MICHELLE GHIDOTTI
8716 Spanish Ridge Avenue, #115
Las Vegas, NV 89148
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: Jbergh@ghidottilaw.com

Attorney for Creditor
Carvana, LLC, their successors and assigns

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA – LAS VEGAS DIVISION**

| | |
|---|---|
| In re:<br><br>CARNELL PERRY,<br><br>Debtor. | CASE NO.: 18-14251<br><br>**Chapter 13**<br><br>**CARVANA, LLC, THEIR SUCCESSORS AND ASSIGNS'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>("**Vehicle**")<br><br>Date: December 27, 2018<br><br>Time: 10:30 a.m. |

Carvana LLC ("**Movant**" or "**Creditor**"), through undersigned counsel, applies for an order vacating the stay to permit Movant to exercise its non-bankruptcy remedies in connection with a vehicle described as a 2016 Mazda 6 bearing the VIN: JM1GJ1U52G1426221 ("**Vehicle**"). The basis for this motion is set forth in the following memorandum of points and authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I. <u>**FACTUAL BACKGROUND:**</u>

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 U.S.C. §157, 1334, and 11 U.S.C. §362.

2. The Contract is secured by a Lien on a vehicle described as a 2016 Mazda 6 bearing the VIN: JM1GJ1U52G1426221 ("**Vehicle**").  A true and correct copy of the Lien and Title Information Report is attached to the Motion as **Exhibit "B"**.

3. The Borrower defaulted on the monthly payments under the terms of the Contract.

4. On February 26, 2018, Debtor filed a Chapter 13 Petition in the District of Nevada, Las Vegas Division, Petition No.: 18-10971 (the "**First Petition**").

5. In connection to Debtor's First Petition Debtor filed a Chapter 13 Plan in which Debtor proposed to pay Movant's claim directly.

6. Movant did not receive a post-petition payment from the Debtor.

7. In fact, Movant has never received a monthly payment from Debtor.

8. On July 18, 2018, the Debtor's First Petition was dismissed for failing to tender Chapter 13 Plan payments.

9. On July 19, 2018, (the "**Debtor**") filed the Instant Petition, Petition No.: 18-14251 (the "**Second Petition**").

10. Payments under the contract come due monthly in the amount of $383.00, with one final payment due in the amount of $221.07.

11. The first payment due under the Contract was due February 15, 2018.

12. Debtor has not tendered a single payment due under the Contract.

13. Debtor is due and owing for the February 15, 2018, and all subsequent payments for a total default in the amount of $3,472.00.

14. The total owed to Movant is $15,705.38.

15. The Vehicle is included in Debtor's Chapter 13 Plan.  Debtor provides for cure of Creditor's pre-petition in the amount of $383.00 and direct payment of Movant's post-petition monthly mortgage payment.

16. Debtor's disposable income is $0.00.   Debtor lists $2,724.00 in monthly combined

1  income. Debtor does not list any car payments on Debtor's Schedule "J". Debtor has $23.00 in net
2  income on Debtor's Schedule "J", without including any automobile payments.
3      17. Debtor indicates that he does not anticipate his income increasing or his expenses
4  decreasing on Debtor's Schedule "I" and Schedule "J".
5      18. Debtor proposes plan payments in the amount of $627.00 for plan months three through
6  sixty. Debtor does not have the income to fund his plan. Debtor's net income is at most $23.00.
7  This leaves a deficit in the amount of $604.00 per month to fund his plan as proposed.
8      19. Debtor plan would need to be amended to provide for the cure of all arrears owed to
9  Creditor and Creditor's full post-petition monthly mortgage payment.
10      20. Debtor simply cannot afford to reorganize his debts.
11      21. A 2016 Mazda 6 in average trade-in condition would be valued at $13,625.00. pursuant
12  to Nada Guides. A true and correct copy of the Nada Guides for a 2016 Mazda 6 is attached to the
13  Motion as **Exhibit "C"**.
14      22. As of the date of this Motion, the total amount due and owing under the Note is
15  $15,705.38.
16      II. **RELIEF FROM STAY FOR "CAUSE"**:
17      23. It is not known what, if any equity there is in the Vehicle since Movant has not had the
18  opportunity to inspect the Vehicle and does not have information on the Vehicle's condition.
19      24. As of the date of this Motion, the total amount due and owing under the Note is
20  $15,705.38.
21      25. However, a 2016 Mazda 6 in average trade-in condition would be valued at $13,625.00.
22  pursuant to Nada Guides. Thus, there is no equity available in the Vehicle to protect Movant's
23  interest.
24      26. Furthermore, pursuant to 11 U.S.C. §361 and §362(d), Movant is entitled to adequate
25  protection of its interest in the Vehicle. Adequate protection can be offered in the form of cash or
26  periodic payments.
27      27. Movant believes that Debtor is unwilling or unable to provide adequate protection to the
28  movant and there is no probability that adequate protection can be afforded to Movant within

reasonable time in light of the significant payment default.

28. Debtor is due and owing for the February 15, 2018, and all subsequent payments for a total default in the amount of $3,472.00.

29. By reason for the foregoing, Movant is entitled to relief from the stay under 11 U.S.C. (d)(1) and (d)(2).

**WHEREFORE**, Movant requests the Court enter an order for the following relief:

1. Vacating the automatic stay as it applies to the Vehicle;
2. That Fed.R.Bankr.P., Rule 4001(a)(3) be waived and the stay terminate upon entry of this Order; and
3. For such other and further relief as the court deems just and proper.

THE LAW OFFICE OF MICHELLE GHIDOTTI

Dated: November 16, 2018

By:/s/ Jennifer R. Bergh, Esq.
JENNIFER R. BERGH, SBN 14480